UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR SARGENT,

        Petitioner,                      Case Number: 17-13935
                                                   HONORABLE AVERN COHN

v.

J.A. TERRIS,

        Respondent.
        _____/

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case under 28 U.S.C. § 2241. Petitioner Victor Sargent (Petitioner), is a federal prisoner challenging a sentence enhancement. Because, as will be explained, Petitioner is not entitled to relief under § 2241, the petition will be dismissed.

### II. Legal Standard

Rule 4, Rules Governing Section 2254 Cases, provides that the Court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief." If the Court determines that the petitioner is not entitled to relief, the petition shall be dismissed. McFarland v. Scott, 512 U.S. 849, 856 (1994).

### III. Background

Petitioner pleaded guilty in the Northern District of Illinois to three counts of bank robbery, 18 U.S.C. § 2113(a). In 2015, he was sentenced to three concurrent

sentences of 78 months' imprisonment, to be followed by three years supervised release. In 2016, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, arguing that the Supreme Court's ruling in <u>Johnson v. United States</u>, — U.S. —, 135 S. Ct. 2551 (2015), bank robbery failed to qualify as a crime of violence and he was entitled to resentencing. The district court denied the motion because it was not timely filed. <u>See</u> 6/26/17 Order, <u>United States v. Sargent</u>, No. 1:16-cv-09210, (Doc. 10).

In 2017, Petitioner filed this instant petition in this district challenging his sentence under 28 U.S.C. § 2241.

## IV.  Discussion

Petitioner challenges two sentencing enhancements based upon the use and brandishing of a dangerous weapon. He argues that in both cases a BB gun was the weapon at issue and that a BB gun fails to qualify as a dangerous weapon. He maintains that he is therefore innocent of these sentencing enhancements.

A prisoner generally may challenge his federal conviction or sentence only by means of a § 2255 motion. <u>See Hill v. Masters</u>, 836 F.3d 591, 594 (6th Cir. 2016). A writ of habeas corpus under § 2255 requires the petitioner to file his challenge in the district that imposed the criminal sentence on him. <u>See</u> 28 U.S.C. § 2255(a). Here, Petitioner is clearly attacking his sentence, which would be proper under § 2255, not § 2241.

As to § 2241, a federal prisoner may bring a claim challenging his conviction or the imposition of sentence only if it appears that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. <u>Charles v. Chandler</u>, 180 F.3d 753,

2

756 (6th Cir.1999). Habeas corpus is not an "additional, alternative, or supplemental remedy" to the motion to vacate, set aside, or correct the sentence. Id. at 758.

Petitioner has not shown that the remedy under § 2255 is inadequate. He does not argue that he is innocent of the crime of conviction. Instead, he argues that he is innocent of the dangerous weapon enhancement. In 2016, the Sixth Circuit created a narrow exception, allowing a petitioner to challenge a sentence under § 2241, only where: (1) the petitioner's sentence was imposed pre-Booker, when the Sentencing Guidelines were mandatory; (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that – as a matter of statutory interpretation – a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. Hill v. Masters, 836 F.3d 591 599-600 (2016). Petitioner fails to satisfy the first requirement because he was sentenced after the Booker decision. Thus, his claims are outside the narrow exception in Hill. As such, the petition under § 2241 is DISMISSED.

SO ORDERED.

Dated: 1/25/2018

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:
Detroit, Michigan

3